**TERRA NOVA INSURANCE CO., LTD.**

v.

**NORTH CAROLINA TED, INC. t/a Ted's Spot III, Themiah Waters, a/k/a Ted Waters, Individually and t/a Ted's Spot III, and Edward Bey.**

Civ. A. No. 87–8418.

United States District Court,
E.D. Pennsylvania.

March 23, 1989.

Jonathan Dryer, Philadelphia, Pa., for plaintiff.

Abe Lapowsky, Philadelphia, Pa., for North Carolina & Themiah Waters.

Joseph Cardona, Philadelphia, Pa., for Edward Bey.

## MEMORANDUM AND ORDER

VAN ANTWERPEN, District Judge.

On December 28, 1987, the plaintiff, invoking the diversity jurisdiction of the federal courts, brought this action for declaratory judgment. The plaintiff seeks to have this court declare that it has no duty to defend or to indemnify its insured, Ted's Spot III,[1] in a Philadelphia County Common Pleas Court action for personal injuries brought by Edward Bey, a patron of Ted's Spot III, against another patron who allegedly shot and seriously injured him. Before the court, at present, are the parties'

cross-motions for summary judgment. Oral argument on these motions was heard by the court on March 6, 1989. For the reasons expressed below, we find that the plaintiff is entitled to summary judgment in its favor.

The standards governing the grant or denial of a motion for summary judgment are clear. Fed.R.Civ.P. 56(c) instructs a court to enter summary judgment when the record reveals that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." This rule provides the court with a useful tool when the critical facts are undisputed, facilitating the resolution of a pending controversy without the expense and delay of conducting a trial made unnecessary by the absence of factual dispute. *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir.1982); *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir.1976), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). Summary judgment is inappropriate, however, where the evidence before the court reveals a genuine factual disagreement requiring submission to a jury. An issue is "genuine" only if the evidence is such that a reasonable jury could find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 2511. However, if the evidence is merely "colorable" or is "not significantly probative", summary judgment may be granted. *Id.*

■ In a summary judgment action, the moving party bears the initial burden of identifying for the court those portions of the record which it believes demonstrate the absence of a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). In making its ruling on a summary judgment

---

1. Ted's Spot III is a Philadelphia, Pennsylvania, bar operated by North Carolina Ted, Inc., whose sole officer and stockholder was Themiah Waters, a/k/a, Ted Waters.

motion, the court must view all inferences in a light most favorable to the non-moving party, *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Continental Ins. Co. v. Bodie*, 682 F.2d 436, 438 (3d Cir.1982), must resolve all doubts against the moving party, *Gans v. Mundy*, 762 F.2d 338, 341 (3d Cir.1985), cert. denied, 474 U.S. 1010, 106 S.Ct. 537, 88 L.Ed.2d 467 (1985), and must take as true all allegations of the non-moving party that conflict with those of the movant, *Anderson, supra*, 106 S.Ct. at 2513.

With these standards in mind, we shall proceed to a consideration of the parties' cross-motions for summary judgment.

■ At oral argument, counsel for the parties conceded that receipt of the policy by the insured was not an issue in the instant case. We are, therefore, left to contend with the issue of whether the terms of the comprehensive general liability insurance policy issued to the insured require the plaintiff to defend and to indemnify the insured. Under Pennsylvania law, which both sides have used in support of their arguments,[2] " 'the obligation to defend arises whenever the complaint filed by the injured party may *potentially* come within the coverage of the policy.' " *Seaboard Industries, Inc. v. Monaco*, 258 Pa. Super. 170, 178, 392 A.2d 738, 742 (1978) (quoting *Gedeon v. State Farm Mutual Automobile Insurance Co.*, 410 Pa. 55, 58, 188 A.2d 320, 321 (1963) (emphasis in original)). That duty to defend is determined solely by the allegations of the complaint filed against the insured. *Wilson v. Maryland Casualty Co.*, 377 Pa. 588, 105 A.2d 304 (1954). "The duty to defend remains with the insurer until the insurer can confine the claim to a recovery that is not within the scope of the policy. [Citations

omitted]." *Pacific Indemnity Co. v. Linn*, 766 F.2d 754, 760 (3d Cir.1985).

■ The policy in the instant case contains a specific exclusion for claims based upon assault and battery. It reads as follows:

### ASSAULT AND BATTERY

It is agreed that no coverage shall apply under this policy for any claim, demand or suit based on Assault and Battery, and Assault and Battery shall not be deemed an accident, whether or not committed by or at the direction of the Insured.

The instant case is practically "on all fours" with a recent case decided by Judge Newcomer of the Eastern District of Pennsylvania. Although the alleged perpetrators of the assault in *Terra Nova Insurance Co., Ltd. v. Thee Kandy Store, Inc.*, 679 F.Supp. 476 (E.D.Pa.1988) were employees of the insured bar and restaurant,[3] the plaintiff insurer was the same company as the plaintiff in the instant case, a patron of the insured was suing it for injuries sustained in an assault, and the same exclusion for claims based upon assault and battery was at issue. Judge Newcomer found that the exclusion applied; he wrote:

4. Although Mr. Kinsey [the injured patron] claims that the defendants in his Common Pleas action were negligent in preventing the assault and battery, this allegation is not sufficient to avoid a properly executed assault and battery exclusion. Regardless of the language of the allegations, the original cause of the harm arose from an alleged assault and battery. *Terra Nova Insurance Company, Ltd. v. The Powhattan Club, Inc.*, C.A. No. 86–7413, slip. op. (E.D.Pa. October 16, 1987) [1987 WL 18590] (J.M. Kelly,

---

**2.** We are in agreement that the law of Pennsylvania applies to the instant case, compelled as we are to make this determination by the United States Supreme Court's decision in *Klaxon Co. v. Stentor Electric Manufacturing Co., Inc.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).

**3.** We do not believe that the fact that the alleged perpetrators in *Thee Kandy Store*, 679 F.Supp.

476, were bar employees and the alleged perpetrator in the instant case was a third party constitutes any significant difference between the two cases. We believe that the language of the exclusion plainly indicates that no matter who commits the assault and battery, no coverage will be provided. See our discussion regarding the insured's ambiguity argument *post*.

J.); *St. Paul Surplus Lines Insurance Company v. 1401 Dixons*, 582 F.Supp. 865 (E.D.Pa.1984) (Giles, J.); *Sauter v. Ross Restaurants, Inc.*, C.A. No. 80–1202 (E.D.Pa. May 21, 1981) (Pollak, J.). Consequently, I find that the assault and battery claim in Mr. Kinsey's Common Pleas action would not be covered by Terra Nova's insurance due to the assault and battery exclusion.

*Id.* at 478.

The allegations against the instant insured in Edward Bey's complaint also speak of the insured's negligence in failing to take measures that might have prevented the alleged shooting. The actual source of Mr. Bey's injuries, however, was the alleged assault upon him by a fellow patron of the bar. We believe that Judge Newcomer's assessment is correct: "Regardless of the language of the allegations, the original cause of the harm arose from an alleged assault and battery." *Id.* We, therefore, find that Mr. Bey's claim, arising as it does from an alleged shooting incident, would not fall within the policy's coverage because of the assault and battery exclusion.

■ The insured, in its opposition to the plaintiff's motion for summary judgment, argues that the assault and battery exclusion is ambiguous because the exclusion does not specifically refer to assaults by third parties. This ambiguity, argues the insured, should be construed against the plaintiff-insurer who drafted the provision and summary judgment on the existence of coverage for the Bey claim should be awarded in the insured's favor. We find the insured's argument to be without merit.

"A provision of an insurance policy is ambiguous if reasonably intelligent men on considering it in the context of the entire policy would honestly differ as to its meaning. *Northbrook Insurance Co. v. Kuljian Corp.*, 690 F.2d 368, 372 (3d Cir.1982); *Celley v. Mutual Benefit Health and Accident Assoc.*, 229 Pa.Super. 475, 481–82, 324 A.2d 430, 434 (1974)." *Rich Maid Kitchens v. Pennsylvania Lumbermens Mutual Insurance Co.*, 641 F.Supp. 297, 307 (E.D.

Pa.1986), *aff'd mem.*, 833 F.2d 307 (3d Cir. 1987). Where, however, the language is clear and unambiguous, the court has a duty to respect it:

> In construing an insurance policy, if the words of the policy are clear and unambiguous, the court must give the words their plain and ordinary meaning. *Northbrook Insurance Co. v. Kuljian Corp.*, 690 F.2d 368, 372 (3d Cir. 1982).... The language of a policy may not be tortured, however, to create ambiguities where none exist. *Houghton v. American Guaranty Life Insurance Co.*, 692 F.2d 289, 291 (3d Cir.1982). Exclusions from coverage contained in an insurance policy will be effective against an insured if they are clearly worded and conspicuously displayed, irrespective of whether the insured read the limitations or understood their import. *Standard Venetion Blind Co. v. American Empire Insurance Co.*, 503 Pa. 300, 307, 469 A.2d 563, 567 (1983)....

*Pacific Indemnity Co.*, 766 F.2d at 760–761.

We believe that the language of the exclusion would plainly indicate to the average reader that, no matter who commits the assault and battery, no coverage will be provided. To interpret the language as does the insured would be to "torture" it to create ambiguities where such do not exist. We also find that the exclusion was conspicuously displayed. The insured's arguments, based upon ambiguity in the language of the exclusion for assault and battery, must, therefore, fail.

■ In a Supplemental Memorandum of Law, filed in support of the plaintiff's motion for summary judgment, the plaintiff further argues that the Bey assault did not constitute an "occurrence" under the policy and, thus, was excluded from coverage for that reason, as well. The plaintiff based its argument on a recent Pennsylvania Supreme Court opinion, *Gene's Restaurant, Inc. v. Nationwide Insurance Co.*, 519 Pa. 306, 548 A.2d 246 (1988).

In *Gene's*, "occurrence" was defined in the policy as follows: " '[O]ccurrence' means an accident, including continuous or

repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured...." In *Gene's*, a female patron of a restaurant was beaten by her husband and sustained injuries from that attack. The Pennsylvania Supreme Court held that the attack against the female patron was not an "occurrence". The court reasoned:

> Under this definition an "occurrence" is an accident. The willful and malicious assault alleged in the complaint is not an accident but rather is an intentional tort. As such, it is not covered by the policy and, therefore, the insurer owed no duty to defend. *Wilson v. Maryland Casualty Co.*, 377 Pa. 588, 105 A.2d 304 (1954)....

*Id.* at 247 (footnotes omitted).

The court in *Gene's* further rejected the insured's argument that because it neither "expected" nor "intended" the female patron's injuries, the insurer had a duty to defend. The court stated: "Such a reading ignores the policy requisite that the 'occurrence' must be an accident which a malicious, willful assault and beating could never be." *Id.* n. 1.

In the instant case, the policy's definition of "occurrence" is identical to that found in the policy in *Gene's*. In the instant case, as in *Gene's*, a patron was assaulted by a third party. On the authority of *Gene's*, then, a case recently decided by Pennsylvania's highest court, we hold that coverage in the instant case is also excluded because the Bey assault is not an "occurrence" as defined in the policy.[4]

**4.** The insured relies upon *Sauter v. Ross Restaurants, Inc.*, C.A. No. 80–1202 slip. op., (E.D.Pa. May 21, 1981). In *Sauter,* the definition of "occurrence" was identical to that in *Gene's* and in the instant case. In *Sauter,* the plaintiffs were injured by a "bouncer" employed by the restaurant. The District Court found that, since such injuries could not be expected or intended by the insured, they were the result of an "accident" within the meaning of the definition of "occurrence" found in the policy. (The opinion, however, further went on to find that an assault and battery exclusion deprived the insured of coverage).

It is important to note that the *Sauter* opinion is a District Court opinion issued in *1981* and it

For all of the reasons expressed above, we find that the plaintiff has met its burden in moving for summary judgment. Since there is no genuine issue of material fact and since plaintiff is entitled to judgment as a matter of law, summary judgment shall be awarded the plaintiff. The plaintiff has no duty to defend or to indemnify the insured in the Bey action filed in the Philadelphia County Court of Common Pleas. We also find that the insured has not met the criteria which would entitle it to summary judgment. Accordingly, its motion shall be denied.

therefore, did not have the benefit of the Pennsylvania Supreme Court's guidance on this issue now found in *Gene's*. When a federal court is required to interpret or apply state law, it must consider and accept the decisions of the state's highest court as the ultimate authority regarding state law. *Ciccarelli v. Carey Canadian Mines, Ltd.*, 757 F.2d 548, 553 (3d Cir.1985); *Connecticut Mutual Life Insurance Co. v. Wyman,* 718 F.2d 63, 65 (3d Cir.1983). The Pennsylvania Supreme Court has spoken and we must accept its interpretation of the word "occurrence" as applied in the circumstances described above.