576 So.2d 965 (1991)
BRITAMCO UNDERWRITER'S, INC., Appellant,
v.
ZUMA CORPORATION, etc., et al., Appellees.
No. 90-1161.
District Court of Appeal of Florida, Fifth District.
April 4, 1991.
Neil Rose of Conroy, Simberg & Lewis, P.A., Hollywood, for appellant.
Edward R. Gay, Orlando, for appellees.
GRIFFIN, Judge.
Appellant seeks review of a summary final judgment finding insurance coverage in favor of appellee, Zuma Corporation. Appellee owns and operates a bar in which a patron was injured as a result of a beating inflicted by other patrons. The patron previously had obtained a judgment against the appellee based on the theory that, by failing to provide adequate security, appellee had negligently created a dangerous condition which resulted in the injuries to the patron.
The appellant, Britamco, which issued a policy of insurance to appellee, asserts that its policy contained no coverage for this incident because of the "assault and battery/negligent hiring" exclusion. This exclusion provided in pertinent part:
[I]t is understood and agreed that this policy excludes claims arising out of:
1. Assault & Battery, whether caused by or at the instructions of, or at the direction of, the insured, his employees, patrons or any causes whatsoever ...
Appellee concedes that the patron was injured by an assault and battery but contends that coverage is nevertheless available because the legal theory upon which the patron obtained a judgment was negligence in failing to provide adequate security. We agree with the appellant that the policy excludes coverage for this claim, which clearly arises out of an assault and battery. Our conclusion is consistent with the overwhelming weight of authority in jurisdictions that have considered this issue. E.g., Terra Nova Ins. Co., Ltd. v. North Carolina Ted, Inc., 715 F. Supp. 688 (E.D.Pa. 1989); Garrison v. Fielding Reinsurance, Inc., 765 S.W.2d 536 (Tex. App. 1989); Ross v. City of Minneapolis, 408 N.W.2d 910 (Minn.App. 1987).
Accordingly, we reverse and remand to the trial court with instructions that a summary final judgment be entered in favor of appellant.
REVERSED and REMANDED.
COWART and DIAMANTIS, JJ., concur.