ACCEPTANCE INSURANCE
COMPANY, Respondent,

v.

WINNING CONCEPTS OF WESTPORT,
INC., et al., Appellants.

No. WD 46047.

Missouri Court of Appeals,
Western District.

Dec. 1, 1992.

Robert R. Laing, Jr., Overland Park, Kan., for appellants.

James W. Benjamin, Kansas City, for respondent.

Before FENNER, P.J., and TURNAGE and SPINDEN, JJ.

FENNER, Presiding Judge.

Appellant, Winning Concepts of West-port, Inc., (Winning Concepts) appeals from the trial court's judgment finding that there was no coverage under its policy of insurance with respondent, Acceptance Insurance Company (Acceptance Insurance).

Acceptance Insurance brought the underlying action for declaratory judgment requesting that it be determined that the claims asserted in an action against Winning Concepts by Anthony Michael Nigro were not covered, or were excluded from coverage, or both, by provisions of an insurance policy issued by Acceptance Insurance.[1] In his action, Nigro alleged that he was injured by John Winston and Jerry Miller while said individuals were acting within the course and scope of their employment at a bar and restaurant. The bar and restaurant was operated by Winning Concepts and known as Lynn Dickey's Sports Cafe. In Count I, Nigro alleged that Winston and Miller, without just cause or provocation, assaulted and battered him by repeatedly striking and beating him. In Count II, Nigro alleged that Winston and Miller were persons of violent disorderly propensities, that Winning Concepts negligently employed said persons knowing of their violent propensities and that as a result of said negligence Nigro was assaulted and battered.

On appeal, Winning Concepts argues first that the trial court erred by finding that there was no coverage under its policy of insurance because the exclusion under the policy for assault and battery was not applicable and there was no factual determination that an assault and battery had occurred.

 Unless insurance policies are ambiguous, they must be enforced by the courts as written. *Hempen v. State Farm Mutual Auto Ins. Co.*, 687 S.W.2d 894 (Mo. banc 1985). Ambiguity arises from the words of an insurance policy only if the language is susceptible of two interpreta-tions and its meaning is uncertain. *Herpel v. Farmers Ins. Co.*, 795 S.W.2d 508, 510 (Mo.App.1990).

The assault and battery exclusion under the policy provides as follows:

2. Form 131 (Rev) ASSAULT AND BATTERY EXCLUSION:

> It is agreed that the insurance does not apply to Bodily Injury, including death, and/or Property Damage arising out of assault and/or battery or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of the insured, his employees, patrons or any other person.

However, Winning Concepts argues that paragraph XI of the liability section of the policy provides coverage irrespective of the assault and battery exclusion. Said paragraph, in relevant part, provides coverage for:

> any intentional act by or at the direction of the insured which results in bodily injury, if such injury arises solely from the use of reasonable force for the purpose of protecting persons or property.

Winning Concepts argues that there has not been a determination in Nigro's cause against it as to whether the force used was reasonable or excessive. Winning Concepts takes the position that if the trier of fact determines the force used was reasonable, then there is coverage.

Nigro sued for assault and battery alleging in his petition that Winston and Miller "willfully, maliciously, and without any just cause or provocation on the part of Plaintiff assaulted and battered Plaintiff by repeatedly striking and beating Plaintiff about his face and repeatedly kicking Plaintiff in the stomach and ribs...." Nigro's theory of recovery is for use of unreasonable force without just cause or provocation. Reasonable force for the purpose of protecting persons or property is not in issue under the record herein.[2]

---

1. There were actually two policies of insurance issued to Winning Concepts by Acceptance Insurance that Winning Concepts argues provide coverage. However, the relevant provisions of the policies, as applicable to this cause, contain the same language.

2. It is recognized that different pleadings could potentially make reasonable force an issue.

There is no ambiguity in the terms of the policy. The assault and battery exclusion is applicable and excludes coverage for Winning Concepts under Nigro's action for assault and battery. Winning Concepts' first point is denied.

■ In its second point, Winning Concepts argues that the trial court erred in holding that there was no coverage under Count II of Nigro's petition which Winning Concepts argues plead a separate cause of action for negligent hiring and retention. Winning Concepts takes the position that because this count is for negligence, the assault and battery exclusion is not applicable.

Once again, the clear language of the policy controls. The assault and battery exclusion provides that there is no coverage for injury "arising out of assault and/or battery or out of any act or omission in connection with the prevention or suppression of such acts." Negligently hiring persons with violent propensities which negligence results in an individual being assaulted and battered is an act or omission in connection with the prevention or suppression of assault and battery and therefore is excluded under the terms of the policy.[3] The act or omission consists of the failure to prevent or suppress assault and/or battery by not taking adequate precautions in hiring persons to assure that they would not be likely to commit an assault and/or battery.

The judgment of the trial court is affirmed.

All concur.

---

**3.** For other jurisdictions that have interpreted like language in a fashion consistent herewith, excluding coverage for assault and/or battery when negligence in relation thereto is plead, see: *United Nat'l Ins. Co. v. Entertainment Group, Inc.*, 945 F.2d 210 (7th Cir.1991); *Britamco Underwriter's, Inc. v. Zuma Corp.*, 576 So.2d 965 (Fla.Ct.App.1991); *Terra Nova Ins. Co. v. North Carolina Ted, Inc.*, 715 F.Supp. 688 (E.D.Pa.1989); *Garrison v. Fielding Reinsurance, Inc.*, 765 S.W.2d 536 (Tex.App.1989); *Ross v. City of Minneapolis*, 408 N.W.2d 910 (Minn.App. 1987).