**SHELTER MUTUAL INSURANCE COMPANY, Respondent,**

v.

**Charles M.M. SHEPHERD, Appellant.**

No. 69434.

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 20, 1996.

---

Kortenhof & Ely, P.C., Kenneth M. Lander, St. Louis, for appellant.

Moser and Marsalek, P.C., Joseph H. Mueller, Robyn G. Fox, St. Louis, for respondent.

WILLIAM E. TURNAGE, Senior Judge.

Shelter Mutual Insurance Company filed suit seeking a declaration that it did not owe a duty to Charles M.M. Shepherd to defend him in a lawsuit filed by Barry Haynes. Shelter also sought a determination that there was no coverage afforded under the policy for damages which might be awarded against Shepherd in the Haynes suit. The court entered summary judgment in favor of Shelter and Shepherd has appealed. We affirm.

When reviewing an appeal from summary judgment, we review the record in the light most favorable to the non-moving party. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The propriety of summary judgment is a question of law and therefore our review is essentially de novo. *Id.* Summary judgment is appropriate only if the moving party demonstrates that there are no material facts in dispute so that it is entitled to judgment as a matter of law. *Id.* at 381.

Shepherd is an attorney in St. Louis. He purchased a business insurance policy from Shelter Mutual which provided liability coverage. Coverage E of the liability section of the policy provides as follows:

> We will pay on behalf of the **insured** all sums which the **insured** shall become legally obligated to pay as damages because of:
>
> 1. **Bodily injury** or **property damage** covered by this policy, caused by an **occurrence** and arising out of the ownership, maintenance or use of the **insured premises** and all necessary incidental operations.
> 2. **Personal injury** sustained by any person or organization and arising out of ownership, maintenance or use of the **insured premises** and all necessary or incidental operations. (bold type appears in policy.)

Haynes filed suit against Shepherd in the Circuit Court of St. Louis County for actual and punitive damages. In his petition, Haynes alleges that he was a former vice president of Hilco Technologies, Inc., formerly known as Hilco Electric, Inc. Haynes further alleges that he purchased 1044 shares of the common stock of Hilco Electric. In October 1988 Haynes states that Shepherd was acting as corporate counsel for Hilco Technologies and Hilco sought Shepherd's advice concerning the re-purchase of Haynes' shares.

Haynes claims that Shepherd instructed and advised Hilco to change the corporate

minutes and the Haynes' stock certificate to falsely reflect that Haynes' shares were subject to a re-purchase agreement. Haynes' petition contends that Shepherd aided and abetted the officers and directors of Hilco and directly participated in making the false representation to Haynes that his stock was subject to a re-purchase agreement. Haynes' also alleges that Shepherd executed a false document entitled "Minutes of Annual Meeting of Shareholders of Hilco Electric, Inc." and further prepared a false stock certificate, both of which reflected a repurchase agreement. Haynes additionally claims that Shepherd falsely represented to him personally and in pleadings filed in the Circuit Court of St. Louis County that corporate minutes and his stock certificate representing Hilco shares which contained a repurchase agreement were true and accurate copies of actual corporate records.

Haynes argues that the minutes and stock certificate which reflected a re-purchase agreement as to Haynes' shares were false and that Haynes was unaware of the false and misleading nature of both the minutes and stock certificate. In Count I of his petition, Haynes claims that as a result of the fraudulent misrepresentation by Shepherd his shares in Hilco were reduced in value by two million dollars. Haynes further seeks attorney fees in the amount of $390,991.

In Count II Haynes recites the same allegations concerning the actions of Shepherd in drawing false corporate minutes and causing a false stock certificate to be issued to him and seeks the same damages on a theory of breach of fiduciary duty. In Count III Haynes makes the same allegations and seeks the same damages on a theory of negligent representation. In Count IV Haynes seeks punitive damages for the same actions alleged on the part of Shepherd.

■ In *Angelina Cas. v. Pattonville–Bridgeton Terr.*, 706 S.W.2d 483, 484 (Mo. App.1986), this court held that "An insurers duty to defend is determined from the provisions of the policy and the allegations of the petition charging liability of the insured.... While the duty to defend is broader than the duty to pay judgment ... the former must appear from the policy and petition."

The Shelter policy provides liability coverage to Shepherd for bodily injury and property damage caused by an occurrence and arising out of the ownership, maintenance or use of the insured premises and all necessary or incidental operations. Personal injury is covered if the injury is sustained by any person or organization and arises out of the ownership, maintenance or use of the insured premises and all necessary and incidental operations.

Nowhere in the Haynes petition is there any allegation that Haynes' damages resulted from the ownership, maintenance or use of the insured premises belonging to Shepherd. All of the allegations relate to actions of Shepherd in falsifying corporate minutes and in causing a stock certificate to be issued to Haynes which falsely bore a notation that the certificate was subject to a re-purchase agreement. All of the actions relate to actions taken by Shepherd totally unrelated to the insured premises owned by him.

■ Shepherd contends that summary judgment was improperly granted because the allegations in the Haynes petition fall within the definition of "personal injury" as defined in the policy and the allegations are broad enough to cover the definition of an occurrence as defined in the policy. Shepherd also contends that the definition of property damage is broad enough to include the type of damages alleged in the petition. However, personal injury is covered only if the injury arises from the ownership, maintenance or use of the insured premises. The occurrence causing property damage must also arise out of the ownership, maintenance or use of the insured premises. There is no allegation in the petition that Haynes' damage was caused in any way by the ownership, maintenance or use of the insured premises.

Shepherd also argues that the "legal service" exclusion does not apply to the personal injury coverage and there are factual issues to be resolved of whether Shepherd's alleged actions constituted legal services. It is not necessary to explore this exclusion because the exclusion applies to personal injury which is covered only if the injury arises out of ownership, maintenance or use of the insured

premises. There is no allegation in the petition that Haynes sustained any injury or damage which arose out of the use of Shepherd's premises.

Haynes sought punitive damages but the policy specifically excludes liability of the insured for punitive damages.

In *Travelers Ins. Co. v. Cole,* 631 S.W.2d 661, 665[6–7] (Mo.App.1982), this court held that if the petition against an insured alleges facts which are not within the coverage of the policy, there is no duty on the insurer to defend. In this case there are no facts alleged in the petition which are within the coverage of the policy issued by Shelter to Shepherd. Thus, Shelter has demonstrated that there are no material facts in dispute as to its duty to Shepherd and therefore summary judgment was appropriate.

The judgment is affirmed.

KAROHL, P.J., and AHRENS, J., concur.