**CAPITOL INDEMNITY CORPORATION, Appellant,**

v.

**Steve CALLIS, d/b/a The Silver Bullet Lounge, Gregory Barkwell, Respondents.**

**No. WD 53878.**

Missouri Court of Appeals, Western District.

Nov. 25, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 27, 1998.

Application for Transfer Denied March 24, 1998.

John Schultz, Kansas City, for appellant.

Bruce Beckett, Harold Walther, Columbia, for respondents.

HANNA, Judge.

Capitol Indemnity Corporation sought a declaratory judgment that it had no duty to defend or indemnify Mr. Steve Callis in a suit against him doing business as The Silver Bullet Lounge. In the underlying lawsuit, Mr. Gregory Barkwell sued Mr. Callis, d/b/a The Silver Bullet Lounge, as a result of an assault and battery against him by Callis' employees. The trial court granted Callis' motion for summary judgment and also denied Capitol Indemnity's motion for summary judgment on its petition for a declaratory judgment. The trial court held that Capitol Indemnity's insurance policy did not exclude the negligence action as pleaded, therefore, the insurance policy covered defendant Callis in the suit initiated by Barkwell.

The underlying lawsuit was refiled in July 1996, by Barkwell against Mr. Tommy Burr, Mr. Walter Kidwell and Steve Callis, d/b/a The Silver Bullet Lounge, in the Circuit Court of Boone County. Mr. Barkwell alleged that while he was on the premises of the Silver Bullet, its employee, Burr, intentionally assaulted him (Kidwell, a bartender on duty at the time, is alleged to have failed to protect Barkwell from the assault and battery). Plaintiff Barkwell alleged assault and battery in Count I; that the actions of Burr taken against Barkwell were equally applicable to Callis because he was an employee of Callis at the time of altercation (a *respondeat superior* theory) in Count II; and the third count was titled "Negligent Failure to Protect Patron." The claim at issue here charges that Callis was negligent in failing to protect a patron of the business from the assault and battery by his employee. There is no dispute that the policy excluded the assault and battery claim.

At the time of the assault and battery, Callis had his business insurance with Capitol Indemnity. The policy has an endorsement with the following language:

A. EXCLUSION—ASSAULT AND BATTERY: (Form COLONIAL INSURANCE COMPANY OF CALIFORNIA–2(10–88)

This insurance does not apply to *bodily injury* or *property damage* or *personal injury* arising out of assault, battery or assault and battery.

1) *Definition*

a) *Assault:* An apparently violent attempt or willful offer with force or violence to do hurt to another without the actual doing of hurt threatened.

b) *Battery:* The act of battering or beating.

c) *Assault and Battery:* Shall be deemed to include the forcible ejection or exclusion or attempt thereof of any person or persons from the premises by the Named insured, their employees or agents.

Summary judgment is designed to permit the trial court to enter judgment without delay where the moving party has demonstrated, on the basis of facts as to which there is no genuine dispute, a right to judgment as a matter of law. *ITT Commercial Fin. Corp. v. MidAm. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The propriety of summary judgment is purely an issue of law which we review *de novo* on the record submitted and the law. *Id.*

The issue on appeal concerns the interpretation of the language of the assault and battery exclusion contained in Capitol Indemnity's insurance policy. Capitol Indemnity argues that the policy excludes all actions arising out of an assault and battery, which includes a negligence action, and the policy does not provide coverage for assault and battery committed by Callis' employees. Callis maintains that the policy language does not exclude claims for negligence.

■■■ Insurance policies are contracts and the rules of contract construction apply. *Herpel v. Farmers Ins. Co.*, 795 S.W.2d 508, 510 (Mo.App.1990). The words used in insurance policies are given their ordinary, every day meaning unless it is evident that a technical meaning should apply. *See id.* Unless the insurance policy is ambiguous, it must be enforced as written. *See U.S. Fire Ins. Co. v. Coleman*, 754 S.W.2d 941, 944 (Mo.App.1988). If a court finds that the language of an insurance policy is ambiguous, "the interpretation which is most favorable to the insured is adopted." *Id.* "[This] principle, however, does not authorize courts, under the guise of interpretation or construction, to alter or rewrite a policy." *Id.*

The cases referred to by the parties show that in those jurisdictions addressing the assault and battery exclusion precludes coverage. This court addressed the question in *Acceptance Ins. Co. v. Winning Concepts of Westport Inc.*, 842 S.W.2d 206 (Mo.App.

1992). The exclusion in that case provided that "the insurance does not apply to Bodily Injury, including death, ... arising out of assault and/or battery...."

The plaintiff in the underlying lawsuit, Anthony Nigro, sued Winning Concepts, which is a bar and restaurant known as Lynn Dickey's Sports Cafe. Nigro alleged that he was at the bar when two employees, acting within the scope and course of their employment and without provocation, assaulted him. He claimed that Winning Concepts knew that the employees had violent propensities. Winning Concepts argued that because Nigro's claim was for negligence, the assault and battery exclusion was not applicable. *Id.* at 208.

Our court found that "the clear language of the policy controls." *Id.* As a result, the court rejected Winning Concepts' interpretation that negligence arising out of an assault and battery was a covered event and held that the terms of the policy excluded acts arising out of an assault and battery, including negligent acts. *Id.* Callis attempts to distinguish *Winning Concepts* by arguing that the exclusion in Capitol Indemnity's policy was different. *Id.*

Capitol Indemnity's assault and battery exclusion and the exclusion language in *Winning Concepts* both utilize the term "arising out of Assault and/or Battery." "Arising out of" is read within the context of the surrounding language of the exclusion, which encompasses acts by employees. *See Chase Resorts, Inc. v. Safety Mut. Cas. Corp.*, 869 S.W.2d 145, 150 (Mo.App.1993). This language plainly and unambiguously excludes any acts by employees that arise out of an assault and/or battery. The language in the exclusion in *Winning Concepts* is the same as, if not narrower, than the language used in the case before us.[1]

Capitol Indemnity and Callis cite to cases from other jurisdictions which address simi-

---

1. The court in Winning Concepts looked to other jurisdictions and found courts that had interpreted similar language in exclusions with insurance policies where negligence had been pled arising out of an assault and battery. The court found that the cases held that negligence action arising out of an assault and/or battery fell within the exclusionary language and were not covered un-

der the policy. See Winning Concepts, 842 S.W.2d at 208 fn. 3. See also *Britamco Underwriter's Inc. v. Zuma Corp.*, 576 So.2d 965 (Fla.App.1991)(examining cases which interpreted insurance policies containing exclusions for assault, and found that an overwhelming weight of authority denied coverage for negligence claims arising out of assault and battery).

lar assault and battery exclusions that follow a similar reasoning as this court did in *Winning Concepts.* These cases lend support to the position this court had taken in *Winning Concepts* and are helpful to the present litigation. For example, in *Terra Nova Ins. Co. v. North Carolina Ted, Inc.,* the court examined the language in an exclusion which stated "that no coverage shall apply under this policy for any claim ... based on Assault and Battery and Assault and Battery shall not be deemed an accident whether or not committed by or at the direction of the Insured." 715 F.Supp. 688, 690 (E.D. Penn 1989).

The plaintiff in *Terra Nova* was shot by another patron while at Ted's Bar III. The plaintiff there alleged that the bar owner was negligent because he failed to protect his patrons from the assault, and that the exclusion was ambiguous because it did not specifically address assaults by third parties. *See id.* at 689. The court rejected the bar's argument that the assault was covered and held that "[r]egardless of the language of the allegation, the original cause of the harm arose from an alleged assault and battery." *Id.* at 691 (quoting from *Terra Nova Ins. Co. Ltd. v. Thee Kandy Store, Inc.,* 679 F.Supp. 476 (E.D.Pa.1988)). Further, the court stated that no ambiguity existed and that the plain reading of the exclusion that any act arising out of an assault and/or battery, no matter who committed the act, would not be covered and to interpret the language in favor of the insured would "torture it to create ambiguities." *Terra Nova Ins.,* 715 F.Supp. at 691.

In *Berg v. Schultz,* another case cited by both parties, the court examined the same language in a policy exclusion as the language used in Capitol Indemnity's policy. 190 Wis.2d 170, 526 N.W.2d 781, 782 (1994). The plaintiff was assaulted by another patron at the Schultz's bar and received severe inju-

ries. *See id.,* 526 N.W.2d at 782. The plaintiff asserted a claim under the theory of liability of negligent failure to protect. *See id.* As this was a case of first impression, the Wisconsin appellate court looked to other jurisdictions and reviewed similar exclusionary language in other policies. The court found that other jurisdictions have concluded that "a plaintiff asserting a cause of action against a proprietor or operator under a theory of negligence does not avoid the assault and battery exclusion of an insurance policy." *Id.* at 783.

Although the injuries may have been caused by the negligent acts of the defendant, that does not necessarily mean that they did not arise out of an assault and/or battery. *See id.* The *Berg* court found that the "plaintiff's real contention is that their injuries arose out of an assault and battery, which in its turn arose out of [defendant's] negligence. Thus, plaintiff's injuries are unambiguously excluded from coverage by the assault and battery exclusion." *Id.* (citations omitted). Morever, the court found that the only reasonable interpretation of this exclusion is that it applies to any act which causes damage which arises out of an assault and/or battery. *See id.* at 784.[2]

■ Similarly, Barkwell's petition encompasses allegations which are all premised on the assault and battery committed by employees of the Silver Bullet Lounge. These allegations reveal that he is claiming that his injuries arose out of the assault and battery, which, in turn, was caused by Callis' negligence. The exclusionary language specifically states that it does not apply to bodily injury arising out of an assault and or battery. This would include negligence actions alleging a failure to protect a patron, which arise out of this intentional act.[3]

■ Mr. Callis argues in his brief that the trial court did not err in granting summary judgment in his favor because under Mis-

**2.** The Berg court looked at the following cases and found that negligence actions arising out of an assault and/or battery fall within the ambit of the exclusion and are not given coverage. See e.g., *St. Paul Surplus Lines Ins. Co. v. 1401 Dixon's Inc.,* 582 F.Supp. 865, 868–69 (E.D.Pa. 1984); *Illinois Employers Ins. v. Dragovich,* 139 Mich.App. 502, 362 N.W.2d 767, 769 (1984); *Tarrant County Ice Sports, Inc. v. Equitable Gen.*

*Life Ins. Co.,* 662 S.W.2d 129, 131 (Tex.App.—Forth Worth1983).

**3.** Other cases which have interpreted arising out of an assault and battery include: United National Ins. Co. v. Entertainment Group., 945 F.2d 210 (7th Cir.1991)(holding that an exclusion in liability policy for any claim asserting cause of action "arising out of" assault or battery precluded coverage in negligence action alleging that

souri law, Capitol Indemnity's duty to defend him in the underlying lawsuit is broader than the duty to indemnify. He maintains that there has been no factual finding that an assault or battery occurred. Mr. Callis' contention that the duty to defend is broader than its duty to indemnify is correct. See *Shelter Mut. Ins. Co. v. Shepherd*, 928 S.W.2d 6, 8 (Mo.App.1996). The court in *Shelter Mut. Ins. Co.*, however, also held that "[a]n insurer's duty to defend is determined from the provisions of the policy and the allegations of the petition charging liability of the insured...." *Id.* (quoting *Angelina Cas. v. Pattonville– Bridgeton Terrace Fire Protection District*, 706 S.W.2d 483, 484 (Mo. App.1986)). Mr. Callis' contention that there has been no factual determination as to whether this was an assault and battery is of no significance, because the negligence allegations in the petition of the underlying suit are premised on the alleged assault and battery. Therefore, if the exclusion applies to negligence actions arising out of an assault and battery, then Capitol Indemnity has no duty to defend. As we have found that there is no coverage, Capitol Indemnity does not have a duty to defend.

Finally, Barkwell has filed a brief with the court and cites a number of cases that he suggests support coverage. His cases do not involve policy exclusions of assault and battery. We have reviewed those cases and find that they are inapposite to this case.

This court has previously held that an assault and battery exclusion precluded a

customer was assaulted in insured theater due to theater's failure to take certain precautions, even though complaint stated claim for insured's negligence rather than claim for assault and battery); *Garrison v. Fielding Reinsurance Inc.*, 765 S.W.2d 536 (Tex.App.—Dallas1989)(holding that the phrase "excludes claims arising out of assault and battery" in general liability policy was not ambiguous, even when interpreted to include a negligence claim against a restaurant resulting from an assault and battery by a third party on a customer because but for the battery the negligence claim would not have arisen); *Ross v. City of Minneapolis*, 408 N.W.2d 910 (Minn.App.1987)(holding that a negligence claim which arose out of an assault and battery by unknown third person on a spectator leaving a wrestling match was excluded from coverage due to the fact that the policy had an unambiguous assault and battery exclusion which includes any negligence claims arising out of this intentional

duty to defend and indemnify. *Winning Concepts*, 842 S.W.2d at 206. Moreover, the cases to which we have been referred to in other jurisdictions are persuasive authority. Therefore, the exclusion in Capitol Indemnity's policy excludes coverage and the trial court erred in granting summary judgment in favor of Callis. We reverse and remand for further proceedings in accordance with this opinion.

HOWARD, P.J., and BRECKENRIDGE, J., concur.

act); *Kiefer v. Whittaker*, 468 So.2d 587 (La.App.1985)(holding that endorsement in the insurance policy which excluded assault and battery actions did not cover injuries allegedly sustained by a float rider, even if the insured pled negligence of the organization had led to the assault and battery); *Essex Insurance Co. v. Fieldhouse, Inc.*, 506 N.W.2d 772 (Iowa 1993)(finding that there was no duty to defend or indemnify insured restaurant and lounge since assault and battery exclusion applied to negligence allegations "arising out of" assault on one patron by another patron); Mount Vernon Fire Ins. Co. v. Creative Housing, Ltd., 88 N.Y.2d 347, 645 N.Y.S.2d 433, 668 N.E.2d 404 (1996)(holding that the phrase "based on" is analogous to "arising out of" in a policy exclusion, therefore, the negligence action pled which arose out of an assault and battery which was excluded by the insurance policy was not covered).