HEANEY, Circuit Judge.
Michael and Valerie Hunt (the Hunts) appeal the district court’s denial of their motion to dismiss or stay this federal declaratory judgment action, based on a pending parallel state court proceeding. Alternatively, they appeal the district court’s denial of their summary judgment motion. Because the district court abused its discretion by maintaining jurisdiction in this case, we reverse and remand with instructions that the case be dismissed.
I. Background
Capitol Indemnity Corp. (Capitol Indemnity) insured Gerald and Patricia Hav-erfield (the Haverfields), doing business as Justin’s Lounge, under both a Commercial General Liability and a Commercial Liquor Liability insurance policy. On July 7, 1996, Michael Hunt, Jr. was fatally stabbed outside of Justin’s Lounge by a bar patron. Michael’s parents, the Hunts, sued the Haverfields in Missouri state court, claiming that the Haverfields negligently caused Michael’s death.
Soon thereafter, Capitol Indemnity filed this action in federal district court, seeking a declaratory judgment against the *874 Haverfields. Capitol Indemnity asked the district court to declare that any claims arising from Michael Hunt’s death were excluded from coverage under the insurance policies’ assault and battery exclusion.[1]
The Hunts and Haverfields waived a jury in the state court proceeding, and the state court judge found that Gerald Haver-field negligently failed to protect Michael Hunt. She also held that Haverfield’s negligence directly caused Michael’s death, and awarded the Hunts $75,000.00 each. Following the judgment, the Hunts filed with the state court a Petition to Collect Insurance against Gerald Haverfield and Capitol Indemnity.
In response, Capitol Indemnity obtained leave in this declaratory judgment action to add the Hunts as defendants. The Hunts moved to dismiss or stay the action, arguing that the state court was the proper forum for adjudicating the issues surrounding the insurance policies’ coverage. The district court denied their motion.
The parties filed cross motions for summary judgment in both the state and federal actions. The state court granted the Hunts’ summary judgment motion on the ground that Capitol Indemnity’s insurance policies covered the Hunts’ claims. The federal court reached the opposite conclusion and granted Capitol Indemnity’s motion for summary judgment, holding that Capitol Indemnity’s policies excluded the Hunts’ claims. The Hunts appeal.
II. Discussion
The Hunts first appeal the district court’s denial of their motion to dismiss or stay this proceeding. Our court reviews for an abuse of discretion a district court’s decision to entertain a declaratory judgment action. See Wilton v. Seven Falls Co., 515 U.S. 277, 289, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995).
In Wilton, the Supreme Court considered the appropriate standard governing a district court’s decision to dismiss or stay a federal declaratory judgment action during the pendency of parallel state court proceedings and adopted the discretionary standard set forth in its 1942 decision in Brillhart v. Excess Ins. Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). See 515 U.S. at 282-89, 115 S.Ct. 2137 (rejecting the “exceptional circumstances” test developed in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) and Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) in favor of Brillhart’s discretionary standard). Under Brillhart, the district court must consider the scope and nature of the pending state court proceeding to ascertain whether the issues in controversy between the parties to the federal action, not foreclosed under applicable substantive law, can be better settled by the state court. See Brillhart, 316 U.S. at 495, 62 S.Ct. 1173; Wilton, 515 U.S. at 282, 115 S.Ct. 2137. If so, the district court must dismiss the federal action because “it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same *875 parties.” Brillhart, 316 U.S. at 495, 62 S.Ct. 1173.
The district court maintained jurisdiction on the grounds that Capitol Indemnity filed its complaint for a declaratory judgment five months before the Hunts re-' ceived their state court judgment and six months before the Hunts filed their Petition to Collect Insurance. We must consider the scope and nature of the state court proceeding to determine whether the district court abused its discretion by denying the Hunts’ motion.
We note at the outset the obvious similarities between the state and federal actions. Both actions involved the same parties, the same issue, the same insurance policies, and the same arguments. Moreover, determining whether Capitol Indemnity’s insurance policies cover the Hunts’ claims requires the courts to interpret the policies’ assault and battery exclusion. Because the interpretation of insurance policies is governed by state law, see TNT Speed & Sport Center, Inc. v. American States Ins. Co., 114 F.3d 731, 732 (8th Cir.1997), Missouri law also applies in both actions.
In addition, the federal court’s application of Missouri law is complicated by a split in Missouri courts over whether an assault and battery exclusion, like the one contained in Capitol Indemnity’s policies, covers the insured’s negligence. The general rule in Missouri is that “where an insured risk and an excluded risk constitute concurrent proximate causes of an accident, a liability insurer is liable so long as one of the causes is covered by the policy.” Braxton v. United States Fire Ins. Co., 651 S.W.2d 616, 619 (Mo.Ct.App.1983). Cases from Missouri’s Western District hold that where an injury arises out of an assault or battery caused by the insured’s negligence, the assault and battery exclusion bars coverage of both the insured’s negligence and the actual assault or' battery. See Capitol Indem. Corp. v. Callis, 963 S.W.2d 247, 250 (Mo.Ct.App.1997); Acceptance Ins. Co. v. Winning Concepts of Westport, Inc., 842 S.W.2d 206, 208 (Mo.Ct.App.1992). On the contrary, cases from Missouri’s Eastern District hold that the insured’s negligence is a separate, concurrent, non-excluded cause, covered by the insurance policy. See Centermark Prop., Inc. v. Home Indem. Co., 897 S.W.2d 98, 103 (Mo.Ct.App.1995); Braxton, 651 S.W.2d at 620. The Missouri Supreme Court has not yet resolved the conflict.
By entertaining this declaratory judgment action, the district court placed itself in the difficult position of predicting how the Missouri Supreme Court would resolve the conflict. See Gray v. Bicknell, 86 F.3d 1472, 1482-83 (8th Cir.1996) (stating that where state law issue is undecided, federal court must place itself' in state supreme court’s position to determinehow that court likely would resolve matter). In addition to the predictive nature of the district court’s decision, the decision has no precedential value if and when Missouri’s highest court decides the issue. See Stevens v. Pike County Bank, 829 F.2d 693, 696 (8th Cir.1987) (Arnold, J., concurring).
 At the time the district court denied the Hunts’ motion to dismiss or stay the federal proceeding, a parallel state court action was pending that presented the same issues between the same parties. Further, both actions were governed solely by state law. Thus, the state court was in the better position to adjudicate the matter, and permitting this federal action to proceed was, unnecessarily duplicative and uneconomical. Accordingly, the district court abused its discretion by denying the Hunts’ motion, and we reverse and remand to the district court with instructions that the ease be dismissed.[2]
*876 Because we decide this appeal on the above grounds, we need not address the Hunts’ remaining appellate argument.

.The assault and battery exclusion reads:
This insurance does not apply to bodily injury, property damage or personal injury arising out of assault, battery, or assault and battery. This exclusion applies to all coverages under this coverage part.
Definitions:
1. Assault — A willful attempt or offer with force or violence to harm or hurt a person without the actual doing of the harm or hurt.
2. Battery — Any battering or beating inflicted on a person without his or her consent.
3. Assault and Battery — For purposes of this insurance, this term includes assault and battery, and specially includes the ejection or exclusion with force or violence, or attempt thereof, of any person from the premises by the insured and his/her/its employees or agents.
(Appellants' App. at 271.)

. We recognize that a stay rather than, dismissal is the preferred mode of abstention where the possibility of a return to the federal court remains. See International Assoc. of Entrepreneurs v. Angoff, 58 F.3d 1266, 1271 (8th Cir.1995) (citing Wilton, 515 U.S. at 288 *876 n. 2, 115 S.Ct. 2137). However, the state trial court has rendered its decision, and we see no reason for the case to return to federal court. Thus, dismissal rather than a stay is appropriate.