# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00402-CR

**Rodney Roach, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT
### NO. 8934, HONORABLE FRANK MALONEY, JUDGE PRESIDING

Appellant Rodney Roach was indicted for the felony offense of driving while intoxicated. *See* Tex. Penal Code Ann. §§ 49.04(a), .09(b) (West Supp. 2001). Appellant pleaded guilty and elected to have a jury assess his punishment. The jury sentenced him to five years' confinement in the Institutional Division of the Texas Department of Criminal Justice. On appeal, appellant alleges that he was denied effective assistance of counsel at trial. We affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant was arrested on or about September 23, 1999 and charged with driving while intoxicated ("DWI"). The indictment further alleged that in 1996, appellant was convicted for three DWI offenses in the prior year. These prior convictions enhanced appellant's DWI

charge to a third-degree felony. *See id.* § 49.09(b). Appellant pleaded guilty to the DWI charge and true to the allegations of prior convictions.

The case proceeded to a jury trial on the issue of punishment. At trial, the State called three police officers to testify to the facts of appellant's arrest and introduced a videotape of the arrest. The tape showed appellant driving in an erratic fashion and failing three field sobriety tests, which were administered at the arrest scene and again at the Burnet County Jail. The arresting officer testified that appellant refused to take a Breathalyzer test or to sign a refusal sheet and a DWI interview sheet. A fourth State's witness described appellant's criminal history, which included a fourth, unadjudicated, DWI arrest in 1995. Defense counsel cross-examined each of these witnesses.

In his opening statement, defense counsel emphasized that appellant would not contest the DWI charge, but that counsel would present circumstances explaining appellant's behavior. Counsel then elicited testimony that shortly before appellant's 1999 arrest, appellant's 61-year-old live-in companion had been brutally raped and beaten. Appellant's psychologist testified that appellant was unable to process stressful situations and reacted to them by drinking. She explained that appellant does not have a substance abuse problem but has low self-esteem, depression, and anxiety, all related to post-traumatic stress syndrome. The psychologist testified that appellant was reacting favorably to counseling and that, in her opinion, probation would be an appropriate punishment for him.

Appellant also testified on his own behalf. He admitted that he had been driving while intoxicated on the night of his arrest, but asked the jury to consider his companion's attack

2

as a mitigating circumstance. He stated that, after "several days of intense stress [and] emotion," he had gone to a bar to relax by singing karaoke. He said that he drank two scotches-on-the-rocks, which intoxicated him quickly because he had not had alcohol since his last DWI conviction in 1996. Appellant also testified that his four prior DWI arrests were clustered in a two-month period, during which time he was experiencing stress from a recent divorce and the shut-down of the plant where he worked.

Other witnesses for the defense included appellant's companion and his employer. His companion testified that appellant supports her financially and emotionally. His employer testified that appellant is a model employee.

In his closing argument, appellant's counsel asked the jury to have mercy on his client. He described appellant as a productive member of society who drank when under extreme stress but who was undergoing treatment for his problems. Counsel also emphasized that appellant was fifty-nine years old at the time of trial. Counsel called the ten years of penitentiary time that the State requested a "life sentence" and asked the jury to assess punishment of probation only. The jury sentenced appellant to five years in the penitentiary.

Appellant now contends that he received ineffective assistance of counsel. He alleges first that counsel's trial tactics were deficient. Appellant claims that the deficient tactics caused him to improperly plead guilty. Appellant also urges that counsel did not adequately develop his mitigation defense and thus failed to persuade the jury to recommend probation. Second, appellant alleges that trial counsel did not prepare adequately for trial, thereby undermining the proper functioning of the adversarial process.

**DISCUSSION**

We assess claims of ineffective assistance of counsel using the standard set by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984), and adopted by the Texas Court of Criminal Appeals in *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). *See also Hernandez v. State*, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999) (adopting the *Strickland* test for claims of ineffective assistance of counsel during noncapital sentencing proceedings). *Strickland* sets forth a two-pronged test requiring a defendant to show both that his counsel's performance was deficient and that this performance prejudiced the defense. *Strickland*, 466 U.S. at 687. An appellant bears the burden of showing both deficient performance and prejudice by a preponderance of the evidence. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). This burden requires the defendant to bring forward a record that affirmatively demonstrates trial counsel was ineffective. *Id.*; *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). If the record available on a direct appeal is not sufficiently developed, it will not provide "a fair evaluation of the merits of the claim involving such a serious allegation." *Thompson*, 9 S.W.3d at 813. Failure to affirmatively show either deficient performance or sufficient prejudice defeats a claim of ineffectiveness. *Id.*; *McFarland*, 928 S.W.2d at 500.

Under the first *Strickland* prong, a defendant must show that counsel's assistance was deficient, falling below an objective standard of reasonableness. *Thompson*, 9 S.W.3d at 812. Our review of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 689. Thus, we begin by presuming that trial counsel's performance was within the range of reasonable

4

professional assistance. *Id.*; *Thompson*, 9 S.W.3d at 813. The adequacy of counsel's assistance is based upon the totality of the representation rather than on isolated instances of error or on only a portion of the trial. *Garcia v. State*, 887 S.W.2d 862, 880 (Tex. Crim. App. 1994). We evaluate counsel's performance at trial "from counsel's perspective at the time" and make "every effort . . . to eliminate the distorting effects of hindsight." *Stafford v. State*, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991).

A defendant who meets the burden of showing deficient assistance of counsel must then show that the deficiency prejudiced his defense. *Strickland*, 466 U.S. at 687. In other words, the defendant must show a reasonable probability that, barring counsel's errors, the jury would have reached a different sentencing decision. *Id.* at 694; *McFarland*, 928 S.W.2d at 500. As defined by the Supreme Court, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

In arguing that trial counsel's tactical decisions were deficient, appellant observes that counsel did not elicit testimony that appellant had no prior felony convictions. Appellant argues that he might not have elected to plead guilty if this testimony had been presented to the jury. Alternatively, appellant argues that this testimony would have increased the likelihood of his receiving probation.

A defendant cannot knowingly and voluntarily enter into a guilty plea if that plea is made as a result of ineffective assistance of counsel. *Ex parte Burns*, 601 S.W.2d 370, 372 (Tex. Crim. App. 1980). For example, a guilty plea is not proper if counsel fails to advise a defendant on how the facts of his case relate to Texas law or if counsel advises a defendant to

5

plead guilty in order to avoid a nonexistent penalty. *Id.* Neither of these situations apply to the case at bar. Contrary to appellant's assertion, to receive a jury recommendation of probation, trial counsel need not question a defendant before the jury as to whether the defendant had ever been convicted of a felony. *See* Tex. Code Crim. Proc. art. 42.12, § 4(e) (West Supp. 2001). In this case, the parties stipulated on the record that appellant had no prior felony convictions. The jury was properly charged and allowed to consider probation as a punishment. It is unlikely that additional testimony about appellant's criminal record would have significantly affected the jury's decision. Furthermore, the record shows that the court discussed the guilty plea with appellant prior to trial and enumerated all the possible punishments the jury could assess. The record, when viewed as a whole, indicates that appellant entered his guilty plea knowingly and voluntarily; it does not indicate that the sentencing outcome would have been any different had there been testimony about appellant's lack of felonies. *See Garcia*, 887 S.W.2d at 880.

Appellant lists several other supposed deficiencies in trial counsel's strategy. He asserts that trial counsel (1) "did not argue that there were no bottles or other containers of alcohol in the vehicle," (2) asked only one question when he cross-examined the State's second witness, and (3) did not explore other evidence that may have "shed additional light on the defense of [appellant's] being distraught." Appellant fails to specifically assert, however, why these strategies demonstrate ineffective assistance of counsel or how they prejudiced his defense. The record is silent as to why counsel chose these strategies. While, in hindsight, counsel's attempt to mitigate punishment did not provide the result desired by appellant, we must presume that at the time it was a viable trial strategy. *See Thompson*, 9 S.W.3d at 814; *McFarland*, 928 S.W.2d

6

at 501; *Stafford*, 813 S.W.2d at 506.  Accordingly, we cannot conclude that appellant has shown either that trial counsel's trial tactics were deficient or that these tactics prejudiced the outcome of this case.  *See Thompson*, 9 S.W.3d at 813; *McFarland*, 928 S.W.2d at 500.

Appellant next contends that counsel was unprepared, did not investigate the case prior to trial, and therefore did not have "a firm command of the facts of the case."  Appellant suggests that if counsel had been better prepared, counsel might not have permitted his client to enter a guilty plea.  Appellant proffers two examples of this lack of preparation.  First, appellant claims that counsel did not interview the State's police officer witnesses in preparation for trial.  To bolster this claim, appellant quotes counsel as beginning cross-examination of one of the officers by saying, "I do not know if we've met or not."  Second, appellant asserts that counsel did not prepare by watching the arrest scene videotape prior to trial.  Appellant notes that when the State showed the jury a portion of the tape, trial counsel objected under the rule of optional completeness and requested that the tape be shown in its entirety.  When making his objection counsel stated, "We have no idea what's on there and neither does the jury."  Appellant maintains that this statement proves counsel saw the video "for the first time when the jury was watching it."  Appellant also accuses counsel of failing to read the file, but does not present any evidence to support this accusation.

Trial counsel has the duty to reasonably investigate his client's case.  *Strickland*, 466 U.S. at 691; *McFarland*, 928 S.W.2d at 501.  However, failure to investigate must be demonstrated by the record.  *McFarland*, 928 S.W.2d at 502.  Furthermore, "we will not reverse a conviction unless the consequence of the failure to investigate 'is that the only viable defense

7

available to the accused is not advanced.'" *Id.* at 501 (quoting *Ex parte Duffy*, 607 S.W.2d 507, 517 (Tex. Crim. App. 1980)).

The two isolated statements quoted by appellant do not affirmatively demonstrate that defense counsel did not investigate his client's case. *See id.* at 500, 502. Without a hearing inquiring into counsel's strategies, there is no record to support a claim of improper investigation. *See Thompson*, 9 S.W.3d at 813 n.5; *Jackson v. State*, 877 S.W.2d 768, 772 (Tex. Crim. App. 1994) (Baird, J., concurring). Furthermore, defense counsel specifically states in other portions of the trial record that he previewed the arrest tape before trial. Additionally, counsel requested that the video be shown in full so that the jury could hear a portion where appellant asked the arresting officer if he was familiar with the case of a lady in Llano who was raped, beaten, and left for dead on the side of the road. On cross-examination by defense counsel, the arresting officer stated that appellant said he had just picked that lady up at the hospital and dropped her off at home. This exchange shows that trial counsel was familiar with the facts of the case and that he used those facts in an attempt to mitigate punishment. Appellant fails to show a reasonable probability that, had counsel performed further investigation, the outcome of the trial would have been different. *See McFarland*, 928 S.W.2d at 502. We conclude that appellant has failed to show either deficiency or prejudice in the issue of counsel's preparation for trial.

## CONCLUSION

The judgment of the trial court is affirmed.

_____

Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed:   April 19, 2001

Do Not Publish