**Michael PECK, Plaintiff/Respondent,**

v.

**ALLIANCE GENERAL INSURANCE CO., Defendant/Appellant.**

**No. 74436.**

Missouri Court of Appeals, Eastern District, Division Three.

June 8, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 27, 1999.

Application for Transfer Denied Sept. 21, 1999.

Thomas L. Orris, Jeffery T. McPherson, Jennifer E. Cook, Armstrong, Teasdale, Schlafly & Davis, St. Louis, for appellant.

Steven G. Schumaier, Steven Schumaier & Associates, Clayton, for respondent.

KATHIANNE KNAUP CRANE, Judge.

Plaintiff filed an equitable garnishment action against defendant pursuant to Section 379.200 RSMo (1994) to recover a $400,000 judgment awarded to plaintiff for bodily injury against defendant's insureds in a negligence action. The trial court granted plaintiff's motion for summary judgment on the ground that the policy covered damages for bodily injury which was not excluded by the assault and battery exclusion attached to the policy because the exclusion was ambiguous. Defendant appeals. We affirm the entry of summary judgment in plaintiff's favor, but on the ground that plaintiff's motion for summary judgment stated facts which showed that the exclusion did not apply as a matter of law and defendant's response to that motion did not set out facts showing a disputed fact issue on the applicability of the exclusion.

In January, 1993 plaintiff, Michael Peck, was injured after being escorted out of Lynn Dickey's Sports Bar (insured) by Hoyt Gregory, Jr., the insured's security officer. Plaintiff subsequently obtained a consent judgment in his favor for $400,000 pursuant to a settlement agreement with Gregory which provided that plaintiff could only collect the award from defendant or any other liability insurer for insured. Plaintiff also obtained a default judgment in his favor against insured for $400,000. Thereafter, plaintiff filed a petition for an equitable garnishment against defendant, Alliance General Insurance Company, pursuant to Section 379.200 RSMo (1994), the equitable garnishment statute, to satisfy

the $400,000 judgment under its Commercial General Liability insurance policy, No. AMP9001497, (hereinafter "the policy") effective from April 17, 1992 to March 15, 1993. In lieu of a response, defendant moved for summary judgment in its favor on the ground that the assault and battery exclusion in the insurance policy excluded coverage of the incident.

Plaintiff responded to the motion and also filed a motion for summary judgment in his favor on the grounds that the policy obligated defendant to pay damages for bodily injury and personal injury that occurred on the premises at the time of plaintiff's injury and that his underlying lawsuit was based on negligence, not assault and battery. In his motion for summary judgment plaintiff stated, with references to the record and his affidavit, that the injury occurred in the following manner: He arrived at insured's premises at approximately 1:30 a.m., approached the disc jockey, suggested that the disc jockey change the type of music that was playing, and, as he started to reach for the music equipment, he was touched by Gregory and two other doormen who escorted him out of the establishment. Gregory held plaintiff's arms and hands above his head, escorted him outside, and released him. Plaintiff referred to Gregory's deposition in which he denied ever throwing any customer to the pavement. Plaintiff also referred to the deposition of Robert Farrow, another of insured's employees, who testified that he saw Gregory escort plaintiff out of the club while holding him in a "full nelson" and saw plaintiff fall to the pavement after being released. Farrow further testified that he did not think it was possible that Gregory shoved plaintiff because Farrow was watching them and did not see Gregory shove or push plaintiff.

In its unverified response to plaintiff's motion, defendant denied that plaintiff's injuries were "personal injury" as defined by the policy and asserted that plaintiff's bodily injuries were excluded under the assault and battery exclusion. It denied other statements as well as all the averments plaintiff made in his affidavit and asserted that Farrow's and Gregory's testimony, as reported in the motion, were incomplete. It did not otherwise explain its denials, set out any additional material facts that remained in dispute, or make any reference to the pleadings, discovery, or affidavits.

The trial court granted plaintiff's motion for summary judgment on the basis the assault and battery exclusion was ambiguous as written and in the context of the policy as a whole. The court also denied defendant's summary judgment motion.

For its sole point on appeal, defendant contends that the trial court erred in entering summary judgment in plaintiff's favor because the policy is unambiguous and excludes coverage for injuries arising from assault and battery. Defendant argues that plaintiff's petition in the underlying case alleges, and the evidence discloses, that the insured threw plaintiff face first into a concrete sidewalk. Plaintiff responds that summary judgment was correctly entered because the uncontradicted evidence before the trial court showed that Gregory's actions did not fall within the assault and battery exclusion. He also argues ambiguity in relation to the exclusion. We affirm on the ground that plaintiff made a prima facie case in his motion that his injury was covered under the bodily injury coverage of the policy and was not barred by the assault and battery exclusion and defendant, in its response to the motion, did not raise any disputed issue of fact.

The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). As the trial court's judgment is founded on the record submitted and the law, we need not defer to the trial court's order granting summary judgment.

*Id.* Because our review is de novo, we may affirm on an entirely different basis than that used by the trial court. *Id.* at 387–88.

A movant is entitled to summary judgment if the motion for summary judgment and the response thereto show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 74.04(c)(3). We view the record in the light most favorable to the party against whom summary judgment is entered and accord the non-movant the benefit of all reasonable inferences from the record. *ITT Commercial Fin.*, 854 S.W.2d at 376. We take as true the facts set forth by affidavit or otherwise in support of the moving party's motion unless they are contradicted by the nonmoving party's response to the summary judgment motion. *Id.*; *Trotter's Corp. v. Ringleader Restaurants, Inc.*, 929 S.W.2d 935, 938 (Mo.App. 1996). The non-moving party's response must show the existence of some genuine dispute as to one of the material facts necessary to the plaintiff's right to recover. *ITT Commercial Fin.*, 854 S.W.2d at 387.

■ An equitable garnishment action consists of proof that plaintiff has obtained a judgment in his favor against an insurance company's insureds during the policy period and the injury is covered by the insurance policy. *See Hangley v. American Fam. Mut. Ins. Co.*, 872 S.W.2d 544 (Mo.App.1994); Section 379.200 RSMo (1994). The underlying judgments gave plaintiff the same rights as the insured had against defendant. As the insured, plaintiff had the burden of showing by substantial evidence that the claim fell within the coverage provided for the injury in the insurance contract. *Southeast Bakery Feeds, Inc. v. Ranger Ins. Co.*, 974 S.W.2d 635, 638 (Mo.App.1998).

The policy covers insured's liability for bodily injury caused by an occurrence in the coverage territory. However, damages for bodily injury arising from "assault", "battery" or "harmful or offensive contact between or among two or more persons" is excluded.

We must give the language used in an insurance contract its plain meaning. *Robin v. Blue Cross Hospital Service, Inc.*, 637 S.W.2d 695, 698 (Mo. banc 1982). The policy does not define "assault", "battery", or "assault and battery" so, to determine the ordinary meaning of those terms, we consult their dictionary definitions. *Farmland Industries, Inc., v. Republic Ins. Co.*, 941 S.W.2d 505, 508 (Mo. banc 1997); *Citizens Ins. Co. of America v. Leiendecker*, 962 S.W.2d 446, 453 (Mo.App.1998). Webster defines "assault", "assault and battery", and "battery", in relevant part, as follows:

> **assault** ... 1: a violent attack with physical means ... 3a: an apparently violent attempt or a willful offer with force or violence to do hurt to another without the actual doing of the hurt threatened....

WEBSTER'S NEW INTERNATIONAL DICTIONARY 130 (3d ed.1976).

> **assault and battery** n: assault (sense 3a) combined with the actual doing of an injury – compare BATTERY 2b.

*Id.* at 130.

> **battery** ... 2b: the unlawful beating of another including every willful, angry and violent, or negligent unlawful touching of another's person or clothes or anything attached to his person or held by him....

*Id.* at 187.

■ In his motion for summary judgment, plaintiff set out the judgments and the policy and facts showing that plaintiff was injured as a result of falling after being escorted to the outside part of insured's establishment after he reached for insured's music equipment and was released by one of insured's employees and not from being thrown, pushed, or shoved. These facts bring the injury under the bodily injury coverage of the policy and do not reasonably support an inference that plaintiff's injuries were caused by an as-

sault, battery, or harmful or offensive contact.

To avoid summary judgment defendant had to file a response complying with Rule 74.04(c)(2) [1] and supplement the summary judgment record before the court with specific facts to show a genuine issue of disputed material fact. Rule 74.04(e); *Davis v. Board of Educ. City of St. Louis*, 963 S.W.2d 679, 690 (Mo.App.1998). "This showing must be made by way of an addition to the record in the form of affidavit, deposition, answer to interrogatory or admission." *ITT Commercial Fin.*, 854 S.W.2d at 387. The non-movant must supplement the summary judgment record where the court is satisfied movant has made a prima facie case for summary judgment. *Id.*

■ Defendant failed to file a response which complied with Rule 74.04. It filed an unverified response in which it denied some of the statements in plaintiff's motion and denied the statements in plaintiff's affidavit. A response containing only unverified denials is insufficient to rebut the evidence relied on in support of a motion for summary judgment. *Weiss v. Rojanasathit*, 975 S.W.2d 113, 120 (Mo. banc 1998). Further, except for stating that some of the deposition excerpts were incomplete, it did not explain the reason for the denials, it did not set out any facts, and it made no references to the record where any facts appear which would create an issue on coverage. Where the response does not admit or deny each factual statement in the motion or contain any citations to the record to rebut the factual assertions in the motion, as required by Rule 74.04(c), we take the factual assertions contained in the motion as true. *Schlueter v. City of Maryland Heights*, 946 S.W.2d 273, 274 n. 2 (Mo.App.1997).

In its brief on appeal, defendant relies on testimony in plaintiff's deposition in which he made statements consistent with having been assaulted or battered. Defendant also relies on allegations in plaintiff's petition in his separate action against Gregory and the insured which also are consistent with the existence of assault or battery. However, this testimony and these allegations are not part of the summary judgment record and we may not consider them.

■ Defendant did not refer to the deposition or to the petition in the underlying claim in his response to the summary judgment motion. To be considered as evidence, admissions in depositions and pleadings must be offered into evidence. *See* Rule 57.07; *Acetylene Gas Co. v. Oliver*, 939 S.W.2d 404, 409 (Mo.App.1996). Therefore, the deposition and the admissions in the petition had to be identified in defendant's response to plaintiff's summary judgment to be considered as evidence on the motion. Rule 74.04(c)(2) and (e).

■ We note that defendant's response incorporated a legal memorandum filed in support of its response. The legal memorandum included references to the deposition. However, we cannot consider these references because Rule 74.04(c) is clear that references to the record must appear in the response. The incorporation by reference to a memorandum of law does not satisfy the requirement of a properly drafted response to the motion for summary judgment. *Trotter's Corp.*, 929 S.W.2d at 940; *Finley v. St. John's Mercy*

1. This portion of the rule became effective January 1, 1994. "The response ... shall state the reason for each denial, shall set out each additional material fact that remains in dispute, and shall support each factual statement asserted in the response with specific references to where each such fact appears in the pleadings, discovery or affidavits." Rule 74.04(c)(2). Rule 74.04(e), the substance of which has been in effect since 1988, also requires: "When a motion for summary judgment is made and supported as provided in this Rule 74.04, an adverse party may not rest upon the mere allegations or denials of the party's pleading, but the response, by affidavits or as otherwise provided in this Rule 74.04, shall set forth specific facts showing that there is a genuine issue for trial."

*Medical Center*, 903 S.W.2d 670, 672 (Mo. App.1995); Rule 74.04(c)(2). A court may properly refuse to consider documents filed in opposition to a motion for summary judgment which have not been identified in a response which complies with Rule 74.04(c)(2), but are described only in a memorandum filed in opposition to the motion. *Wayward v. Shafer*, 936 S.W.2d 843, 844–45 (Mo.App.1996).

The trial court did not err in granting summary judgment in plaintiff's favor. The judgment is affirmed.

PAUL J. SIMON, P.J. and
LAWRENCE E. MOONEY, J., concur.