Gjergji KOTINI, Plaintiff/Appellant,

v.

CENTURY SURETY COMPANY, Defendant/Respondent.

No. ED 99520.

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 22, 2013.

Joseph R. Dulle Jeremy A. Salvatori, Clayton, MO, Steve Wolf, St. Louis, MO, for Plaintiff/Appellant.

Patrick J. Kenny, Clayton, MO, for Defendant/Respondent.

## SHERRI B. SULLIVAN, J.

### Introduction

Gjergji Kotini (Kotini) appeals from the trial court's judgment entered in favor of Century Surety Company (Century) in Kotini's equitable garnishment action against Century. Kotini seeks to satisfy a judgment he obtained against Century's insured, Dante's LLC (Dante's) and Anthony Williams (Williams). We affirm.

### Factual and Procedural Background

This dispute arose out of an incident that occurred on March 4, 2007, in which Kotini was injured when Williams, acting within his capacity as a "bouncer" for Dante's, forcibly removed Kotini from Dante's premises. Kotini sued Dante's and Williams for negligence seeking damages for bodily injuries as a result of Williams's conduct.

On the date of the incident, Dante's and Williams were insured under an insurance policy (the Policy) issued by Century. Dante's provided notice to Century of Kotini's claim and demanded coverage under the policy. Century refused to defend or indemnify Dante's or Williams, asserting Kotini's claims fell within the Policy's exclusion for bodily damage resulting from an assault or battery.

On February 9, 2009, Kotini, Dante's and Williams entered into a settlement agreement pursuant to Section 537.065 [1] in which Kotini agreed to limit any further recovery against Dante's and Williams to the assets of any insurer including the assets of the Policy issued by Century. On July 2, 2009, the circuit court entered its Judgment and Order assessing damages pursuant to the consent judgment embodied in the settlement agreement, and awarded Kotini damages in the amount of $175,000. On June 10, 2010, the circuit court entered an Amended Judgment and Order amending the prior judgment and awarding damages of $500,000 plus interest. [2]

On July 12, 2010, Kotini filed this equitable garnishment action against Century to collect the underlying judgment. In its Amended Answer, Century asserted as affirmative defenses that Kotini's claims were excluded from coverage under the Policy pursuant to the Policy's assault and battery exclusion; Kotini's contributory negligence and comparative fault; the in-

---

1. All statutory references are to RSMo 2006.

2. The judgment did not contain findings of fact and conclusions of law relevant to the question of insurance coverage.

validity of the judgment due to fraud and collusion; the unreasonableness and excessiveness of the damages judgment; and that Dante's was not liable to Kotini under the pleadings in the underlying suit. The parties both filed motions for summary judgment, which the trial court denied.

On September 11, 2012, the trial court conducted a trial. Pursuant to a pending pre-trial motion, the court ordered the record reflect that Williams had not been charged with or convicted of the crimes of assault or battery. Kotini requested the court to take judicial notice of its file, which the court did. Century then called one witness, Amanda Walker (Walker).

With regard to the incident, Walker testified that a drunken patron in Dante's had grabbed her breast and that Kotini, her boyfriend at the time, threw his arms up at the man and said, "Hey, watch what you're doing." Williams then grabbed Kotini from behind, put Kotini's arms behind Kotini's back, lifted Kotini from the ground and walked Kotini to Dante's entryway. Kotini was yelling, wiggling, and kicking Williams, trying to break free from Williams's hold. While holding Kotini in the air, Williams kneed Kotini in the back causing Kotini's legs to be thrust into the air. Williams then released Kotini's arms, took a step back and watched Kotini fall to the ground. Kotini landed head first on the concrete making a loud smacking noise at the back of the skull and causing a fracture. Kotini lost consciousness and blood began to run from Kotini's mouth, nose and head. Williams then lifted Kotini's head and shoulders off the ground and then dropped Kotini a second time, causing Kotini's head to hit the concrete and making another loud smacking noise. Walker testified Williams never said he intended to harm or injure Kotini.

On December 20, 1012, the trial court entered its Order and Judgment in favor of Century and against Kotini on his petition for equitable garnishment on the ground that coverage is excluded by the terms of the assault and battery endorsement in the Policy. This appeal follows.

*Standard of Review*

■ On appeal, this Court will sustain the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Cox v. Steck*, 992 S.W.2d 221, 223–24 (Mo. App. E.D.1999).

*Point I*

■ This appeal arises from an equitable garnishment action brought pursuant to Section 379.200.[3] To establish an equitable garnishment claim, the plaintiff must prove that he obtained a judgment in his favor against the insurance company's insured, the policy was in effect when the incident occurred and that the injury is covered by the insurance policy. *Peck v. Alliance Gen. Ins. Co.*, 998 S.W.2d 71, 74 (Mo.App. E.D.1999); *Taggart v. Maryland Cas. Co.*, 242 S.W.3d 755, 758 (Mo.App.

**3.** Section 379.200 provides in relevant part, "Upon the recovery of a final judgment against any person, firm or corporation by any person ... for loss or damage on account of bodily injury or death, or damage to property if the defendant in such action was insured against said loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money, provided for in the contract of insurance between the insurance company ... and the defendant, applied to the satisfaction of the judgment, and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor may proceed in equity against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment...."

W.D.2008). The underlying judgment is binding on the insurer by way of the doctrine of collateral estoppel. *Drennen v. Wren*, 416 S.W.2d 229, 233–34 (Mo.App. 1967). The underlying judgment gives the plaintiff the same rights as the insured had against the insurance company. *Peck*, 998 S.W.2d at 74. The plaintiff has the burden of showing by substantial evidence that the claim falls within the coverage provided by the insurance contract. *Id.* The defending insurance company, however, has the burden of proving that it is relieved from liability due to an applicable exclusion in the policy. *Hampton v. Carter Enterprises, Inc.*, 238 S.W.3d 170, 174 (Mo.App. W.D. 2007).

There is no dispute that Kotini has obtained a judgment in his favor against Century's insured, that the policy was in effect when the incident occurred, and that the policy generally covered claims of bodily injuries. There is a question as to whether Kotini's injury falls within an exclusion in the Policy.

On appeal, Kotini argues the trial court erred in entering judgment in favor of Century because Century breached its duty to defend, leaving Dante's and Williams free to make a reasonable settlement with Kotini and precluding Century from litigating the issue of coverage in the garnishment action. Kotini, however, never raised this issue in the trial court and has waived this issue for appellate review.

In fact, the only contested issue at trial was whether there was coverage for the injury under the terms of the policy. During opening statements, Kotini asserted "the only dispute in this issue is whether or not the coverage is excluded" on the basis of the assault and battery exclusion claimed by Century. Kotini argued it was Century's burden to prove at trial there was some exclusion in the policy preventing the court from granting the equitable

garnishment. In its opening statement, Century stated its position that the Policy contained a valid exclusion for Kotini's injuries.

At no point during Walker's testimony did Kotini object to the evidence on the basis that Century was precluded from litigating the issue of coverage. Notably, Kotini did assert issue preclusion in response to attempts by Century to admit evidence that could be used to contest the reasonableness of the damages award in the underlying judgment.

Following the admission of evidence, Kotini again argued, "What's relevant here is whether or not the policy exclusion applies." Kotini then went on to argue at length why he believed the facts did not show that an assault or battery took place and why the claimed exclusion did not apply.

"Generally, a party on appeal 'must stand or fall' by the theory on which he tried and submitted his case in the court below." *State v. Fassero*, 256 S.W.3d 109, 117 (Mo. banc 2008). Issues that are not raised in the trial court are waived. *Id.* Here, Kotini repeatedly indicated at trial that the issue to be determined was whether there was coverage under the policy and at no time did Kotini assert his current position that Century was precluded from litigating the issue of coverage due to its alleged breach of the duty to defend. Because Kotini failed to raise the issue of Century's alleged breach of its duty to defend before the trial court, this issue is waived on appeal. Point I is denied.

## Point II

In his second point, Kotini argues the trial court erred in entering its judgment in favor of Century because the assault and battery exclusion is vague and ambig-

uous. Kotini contends the exclusion is ambiguous because the terms "assault" and "battery" are not defined in the policy and are amenable to multiple definitions in a variety of contexts. Kotini asserts that, due to the numerous definitions of these terms, the exclusion is ambiguous and should be construed against Century.

■■■■ The interpretation of an insurance policy is a question of law. *McCormack Baron Mgt. Services, Inc. v. Am. Guarantee & Liab. Ins. Co.*, 989 S.W.2d 168, 171 (Mo. banc 1999). The rules of contract construction apply to the construction of insurance policies. *Capitol Indem. Corp. v. Callis,* 963 S.W.2d 247, 249 (Mo.App. W.D.1997).

■■■■ Unless the policy is ambiguous, it must be enforced as written. *Id.* "An ambiguity exists when there is duplicity, indistinctness, or uncertainty in the meaning of the language in the policy. Language is ambiguous if it is reasonably open to different constructions." *Seeck v. Geico Gen. Ins. Co.,* 212 S.W.3d 129, 132 (Mo. banc 2007). "In construing the terms of an insurance policy, this Court applies the meaning which would be attached by an ordinary person of average understanding if purchasing insurance, and resolves ambiguities in favor of the insured." *Id.* "Missouri also strictly construes exclusionary clauses against the drafter, who also bears the burden of showing the exclusion applies." *Burns v. Smith,* 303 S.W.3d 505, 509–10 (Mo. banc 2010). "The failure of a policy to define a term does not, in and of itself, render it ambiguous." *Trainwreck West Inc. v. Burlington Ins. Co.,* 235 S.W.3d 33, 40 (Mo.App. E.D.2007).

The Policy provides:

EXCLUSION—ASSAULT AND BATTERY

. . .

1. This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury" arising out of or resulting from:

(a) any actual, threatened or alleged assault or battery;

(b) the failure of any insured or anyone else for whom any insured is or could be held legally liable to prevent or suppress any assault or battery;

. . .

(e) the negligent:

(i) employment;

(ii) investigation;

(iii) supervision;

(iv) training;

(v) retention;

of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by 1.(a), (b), (c), (d) or (e) above;

(f) any other cause of action or claim arising out of or as a result of 1.(a), (b), (c), (d) or (e) above.

2. We shall have no duty to defend or indemnify any claim, demand, suit, action, litigation, arbitration, alternative dispute resolution or other judicial or administrative proceeding seeking damages, equitable relief, injunctive relief, or administrative relief where:

(a) any actual or alleged injury arises out of any combination of an assault or battery-related cause and a non-assault or battery-related cause.

(b) any actual or alleged injury arises out of a chain of events which includes assault or battery, regardless of whether the assault or battery is the initial precipitating event or a substantial cause of injury.

(c) any actual or alleged injury arises out of assault or battery as a concurrent cause of injury, regardless of whether

the assault or battery is the proximate cause of injury.

Here, the policy covered Dante's liability for bodily injury caused by an occurrence on its premises but excluded coverage for damages for bodily injury arising out of or resulting from *any* actual, threatened or alleged assault or battery. The policy does not define the terms "assault" or "battery" so, to determine their ordinary meaning, we consult their dictionary definitions. *Peck*, 998 S.W.2d at 74. Webster's dictionary defines "assault" and "battery," in relevant part, as follows:

> assault ... 1 a: a violent physical or verbal attack ... 2 a: a threat or attempt to inflict offensive physical contact or bodily harm on a person ... that put the person in immediate danger of or in apprehension of such harm or contact[.]

*http://www.merriam-webster.com/ dictionary/assault*

> battery ... 1 ... b. an offensive touching or use of force on a person without the person's consent [.]

*http://www.merriam-webster.com/ dictionarv/battery.*

When the terms are considered in their ordinary meaning, the policy's assault and battery exclusion is not ambiguous and encompasses any conduct within the meaning of the terms. See *Trainwreck*, 235 S.W.3d at 40 and *Peck*, 998 S.W.2d at 74. The fact that the provision could include criminal, tortious or other conduct means the provision is broad, not that it is ambiguous. The trial court did not err in finding the assault and battery exclusion to be unambiguous. Point II is denied.

### Point III

In his third point, Kotini argues the trial court erred in entering its judgment in favor of Century because the trial court relied on an exclusion not pled by Century.

The trial court's Order and Judgment found, in part, "that Williams engaged in more force than was [reasonably] necessary to carry out his duties ... While the ... removal of [Kotini] from the premises ... was not unwarranted, Williams's conduct in effecting his removal was unreasonable under the circumstances."

Kotini asserts the court "did not find an assault actually took place" but instead found there was no evidence of Williams's intent and that the bouncer used "unreasonable" force. Kotini contends in making these findings, the court improperly relied upon a policy provision excluding "expected or intended injury," which was not asserted by Century as an affirmative defense. We disagree.

First, the provision cited by Kotini is not an exclusion to be asserted by Century but was an exception to an exclusion raised by Kotini in the trial court. The provision provides:

2. Exclusions

This insurance does not apply to:

a. Expected Or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

In the trial court, Kotini argued that the above provision conflicted with the assault and battery exclusion and supported a finding that the exclusion was ambiguous. In both his memorandum in opposition to Century's motion for summary judgment and during trial, Kotini asserted the expected or intended injury provision granted coverage to intentional injuries caused by force to protect persons or property as long as the force is reasonable. At trial,

Kotini repeatedly asserted that under the expected or intended injury exclusion, "whatever was excluded under the assault and battery can come back into coverage if the action was reasonable to the bouncer." Thus, the language in the Order and Judgment to which Kotini is objecting was made in direct response to Kotini's position in the trial court and to the relevant case law on that matter.

Further, in finding that the injury suffered by Kotini fell within the assault and battery exclusion in the policy, the court looked to the dictionary definitions of "assault" and "battery" and to the evidence presented. The court found that "Williams weighed approximately twice that of [Kotini] ... and there is no indication that [Williams] was unaware of the force he applied when [he] kneed [Kotini] in the back or that [Kotini] was already bleeding and injured when [Kotini] was dropped to the ground for the second time." Based on this, the Court concluded that coverage for the damages resulting from Williams's conduct was excluded by the assault and battery endorsement in the policy.

Clearly, the trial court found Williams's conduct of lifting Kotini into the air, kneeing him in the back with enough force to throw his legs into the air and then releasing him, allowing him to drop to the ground, followed by lifting the bleeding and injured man only to drop him to the ground for a second time, constituted an assault or battery within the ordinary meaning of those terms. These facts support the trial court's finding that Kotini's injuries were caused by an assault or battery. Kotini's contention that the court relied on an unpled affirmative defense and did not find that an assault or battery occurred is without merit. Point III is denied.

*Conclusion*

The judgment of the trial court is affirmed.

LAWRENCE E. MOONEY, P.J., and ROBERT G. DOWD, JR., J., concur.