Philip M. Hess, Presiding Judge
Introduction
Mary Spencer and thirteen of her classmates (collectively "Appellants") in the Applied Sciences of Practical Nursing Program at Saint Louis College of Health Careers ("SLCHC") sued SLCHC under the Missouri Merchandising Practices Act (the "MMPA"), Section 407.020,[1] alleging unfair and deceptive practices in its representation of the program. SLCHC demanded coverage from its insurer Hartford Casualty Insurance ("Hartford") under its one-year Business Liability policy (the "Policy"). Hartford denied coverage and denied defense to SLCHC. A bench trial ensued and judgment was entered for each Appellant.
Appellants then brought this equitable garnishment action to recover the judgment from Hartford. The trial court granted Hartford's motion for summary judgment. The court held Appellants' petition did not allege a claim that was possibly or potentially within the Policy's coverage. We affirm.
Facts and Procedural Background
The following are the uncontroverted stipulated facts. Appellants' MMPA petition states SLCHC "sold them the program" as a sixty-hour degree program for Applied Sciences of Practical Nursing at SLCHC. The petition asserts SLCHC lacked approval to award a degree and could only provide a lesser diploma despite contrary claims. Appellants sought recovery of tuition, attorney's fees, and punitive damages.
SLCHC demanded coverage from Hartford upon service of the MMPA petition. Hartford denied SLCHC coverage and a defense, on the basis the petition did not allege property damage or any claim covered under the Policy.
Appellants and SLCHC entered an agreement not to execute under Section 537.065. The agreement provided that, in the event of a judgment against SLCHC, Appellants would seek to levy execution only against Hartford. A bench trial ensued. The trial court found SLCHC practiced deception and fraud in the inducement and entered judgment for each Appellant in the aggregate amount of $1,227,954 with post-judgment interest of 5.13% per annum.
Appellants then brought this equitable garnishment action against Hartford to recover the judgment. Appellants and Hartford both moved for summary judgment based on stipulated facts. Appellants argued Hartford breached its duty to defend because Appellants alleged "property damage" in the MMPA petition. Appellants argued the award of a diploma rather than a degree was a loss of property. Hartford *682 argued that neither loss of property nor any allegation triggering the duty to defend under the Policy language was included in the MMPA petition.
The trial court granted Hartford's motion for summary judgment. It stated an insurer's duty to defend arises when there is the possibility or potential for coverage based on the initial petition. The Policy included coverage for loss of property that is not physically injured. However, the trial court highlighted the difference between the definition of tangible property and intangible property. Black's Law Dictionary defines "property" as possessing physical form while intangible property is without "intrinsic or marketable value" and is "merely the representative or evidence of value, such as certificates of stock, bonds, promissory notes, copyrights, and franchise." The trial court stated Missouri, as well as the majority of states, do not consider an educational degree "property." The failure to award a degree was not "property damage" and therefore not possibly or potentially within the Policy's coverage as a matter of law.
The trial court concluded Appellants' MMPA petition failed to allege any claim covered under the Policy. Accordingly, Hartford had no duty to provide coverage or defend. This appeal follows.
Standard of Review
"The propriety of summary judgment is purely an issue of law." ITT Comm. Fin. Corp. v. Mid-Am. Marine Supply Corp., 854 S.W.2d 371, 376 (Mo. banc 1993). A grant of summary judgment is reviewed de novo. Id. We consider an appeal from summary judgment in the light most favorable to the party against whom judgment was granted. E.O. Dorsch Electric Co. v. Plaza Const. Co., 413 S.W.2d 167, 169 (Mo. 1967).
Discussion
Appellants' sole point on appeal is that the trial court erred in granting Hartford's motion for summary judgment because Hartford had a duty to defend SLCHC. Appellants argue SLCHC's failure to deliver the promised degree was "property damage." They also claim the damages alleged in the MMPA petition related to tuition, which included books and supplies. They argue Hartford was charged with knowledge of facts that demonstrate the possibility of coverage because they were "known or reasonably ascertainable" at the outset of the case, citing Truck Insurance Exchange v. Prairie Framing, LLC , 162 S.W.3d 64, 79 (Mo. App. W.D. 2005). They assert books and supplies are known or reasonably ascertainable as needed to pursue a degree. They contend the books and supplies were rendered "useless" when SLCHC did not deliver its promised degree and therefore the MMPA petition alleged the "loss of use" of tangible property.
Hartford asserts the trial court did not err in granting summary judgment because the MMPA petition lacked allegations of property damage under the policy language. Rather, SLCHC failed to deliver the end-product it promised, the degree.[2] Hartford also asserts there was no property to be damaged-the degree never existed and was never in Appellants' possession. We affirm.
An agreement not to execute permits plaintiffs with unliquidated claims and a tortfeasor to enter agreements under which the parties, in the event of a judgment against the tortfeasor, limit the assets the plaintiff(s) may obtain from the tortfeasor. See § 537.065. The parties' use *683 of Section 537.065 is permitted only if an insurer is provided the opportunity to defend the tortfeasor and refuses. Id. Further, "[t]o establish an equitable garnishment claim, the plaintiff must prove that he obtained a judgment in his favor against the insurance company's insured, that the policy was in effect when the incident occurred and that the injury is covered by the insurance policy." Kotini v. Cenutry Sur. Co. , 411 S.W.3d 374 (Mo. App. E.D. 2013).
An insurer's duty to defend is triggered if "the insured is exposed to potential liability to pay based on the facts known at the outset of the case, no matter how unlikely it is that the insured will be found liable and whether or not the insured is ultimately found liable." McCormack Baron Mgmt. Servs., Inc. v. Am. & Liab. Ins. Co., 989 S.W.2d 168, 170 (Mo. banc 1999) (alterations omitted). "If the complaint merely alleges facts that give rise to a claim potentially within the policy's coverage, the insured has a duty to defend." Id. If an insurer shows there is no possibility of coverage, they have no duty to defend the insured. Id. "The insurer is charged with knowledge of facts that demonstrate the possibility of coverage if those facts are known or are reasonably ascertainable." Truck Ins. Exch. , 162 S.W.3d at 79 (Mo. App. W.D. 2005).
An insurer's duty to defend is broader than its duty to indemnify. "[T]he duty to defend is distinctly different from the duty to indemnify. The issue of indemnification must await final resolution in court. The broader duty to defend emerges as the insurer gathers facts that may or may not ultimately be proven." Id. Because the only issue raised by Appellants on appeal is the duty to defend that is the only issue we address.
The Policy's definition of property damage provides, in pertinent part:
G. LIABILITY AND MEDICAL EXPENSES DEFINITIONS
....
20. "Property damage" means:
a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of "occurrence" that caused it.
We find Appellants' arguments unpersuasive. The MMPA petition does not allege physical injury to tangible property or the loss of use of tangible property. Instead, it discusses SLCHC's misrepresentation of its Applied Sciences of Practical Nursing Program and sought to recover tuition based on this misrepresentation. Appellants' loss was monetary and it is well-settled that money is not tangible property. See e.g., In Re Armistead , 362 Mo. 960, 245 S.W.2d 145, 149 (Mo. 1952). Therefore, SLCHC's failure to award the promised degree cannot possibly or potentially be "property damage."
Appellants asserted at oral argument and in their brief the loss of use of "books and supplies" constituted "property damage." The record reveals this argument was first made on appeal and is therefore not preserved for review. See e.g. , State v. Davis, 348 S.W.3d 768, 770 (Mo. banc 2011) ("An issue that was never presented to or decided by the trial court is not preserved."); Smith v. Shaw, 159 S.W.3d 830, 835 (Mo. banc 2005). We decline to review this unpreserved argument. See Bowman v. Prinster, 384 S.W.3d 365, 372 (Mo. App. E.D. 2012). ("Although we may review an unpreserved claim for plain *684 error, we rarely review for plain error in civil cases.")
Even if we were to address Appellants' argument regarding books and supplies, Appellants' argument has no merit. While we agree with Appellants it is "known or reasonably ascertainable" that textbooks and supplies are attendant to the pursuit of a degree, Appellants fail to make a persuasive argument for "loss of use." Appellants cite to Columbia Casualty Co., v. Hiar Holdings , 411 S.W.3d 258 (Mo. banc 2013), in support of the proposition there is "loss of use" in the present case. In Columbia , a hotel proprietor, HIAR Holdings, LLC, sent "approximately 12,500 unsolicited junk faxes" for the purpose of advertising. Id. at 261-62. The plaintiff filed a class action suit under the Telephone Consumer Protection Act ("TCPA"), seeking injunctive relief and monetary damages. Id. at 262. HIAR tendered suit to its insurer, Columbia Casualty Insurance. Id. HIAR held a commercial general liability policy that included coverage for property and advertising injury. Id. The policy insured HIAR against "those sums that [HIAR] becomes legally obligated to pay as damages because of [property damage or advertising injury] to which this insurance applies." Id. 265-66. Columbia refused to defend or provide coverage to HIAR, asserting the claims were outside the scope of the policy. Id. at 262. After Columbia again refused to defend or provide coverage to HIAR, HIAR reached a settlement with plaintiffs. Id. The trial court approved both the settlement and the assignment of HIAR's claims against Columbia to plaintiffs. Id. The plaintiffs brought an equitable garnishment action against Columbia. Id. at 263. The trial court found Columbia was liable for the settlement amount. The Missouri Supreme Court affirmed, stating property damage coverage was invoked due to the "loss of use of equipment and phone lines for outgoing and incoming faxes, the expense of paper and ink, and the resultant inconvenience and annoyance ... [of] unsolicited fax advertisements." Id. at 268.
Columbia and the present case are factually distinct. Here, SLCHC did not use Appellants' books or supplies without their permission. Appellants used their books and supplies, the cost of which was included in the tuition, in pursuit of a lesser diploma than the degree promised. Appellants conflate "loss of use" with the value of the books and supplies included in the tuition. The books and supplies were part of the monetary fraud perpetrated and alleged in the Appellants' petition against SLCHC.
Appellants also contend in their brief that Hartford is liable for the entire amount of the underlying judgment and bad faith is not required to hold an insurer liable for the full amount of a judgment. However, these issues are not reached when an insurer does not breach the duty to defend. See Columbia Cas. Co. , 411 S.W.3d at 264, 273. Therefore, we decline to address the arguments. Given our standard of review, we affirm the trial court's decision. Point denied.
Conclusion
The actions of SLCHC, selling and collecting tuition for a non-existent degree, are abhorrent. The allegations in Appellant's petition however do not expose Hartford to potential liability under the terms of the insurance policy. Hartford did not owe a duty to defend to SLCHC. The trial court did not err granting Hartford summary judgment. We affirm the trial court.
Robert G. Dowd, Jr., J. and Mary K. Hoff, J. concur.

All statutory references are to RSMo 2016 unless otherwise provided.

Hartford also argued, in the alternative, that a policy exclusion applied. Given our holding, it is not necessary to address the argument.